UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HILARY DIKE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 17-10509-LTS |
| DAVID SHULKIN, | ) | |
| Defendant. | ) | |

|  |  |  |
|---|---|---|
| HILARY DIKE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 17-10779-LTS |
| DAVID SHULKIN, | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

December 19, 2017

SOROKIN, J.

For the reasons set forth below, the Clerk shall issue summons for service of the complaints filed in Nos. 17-cv-10509-LTS and 17-cv-10779-LTS and plaintiff shall have 90 days to effect service.

I. BACKGROUND

Plaintiff Hilary Dike filed the following three *pro se* actions against his employer: Dike v. Shulkin, No. 16-cv-12547-LTS (filed Dec. 16, 2016); Dike v. Shulkin, No. 17-cv-10509-LTS (filed Mar. 24, 2017); Dike v. Shulkin, No. 17-cv-10779-LTS (filed May 2, 2017). Although

Dike was permitted to proceed *in forma pauperis* in each action, he retained an attorney to represent him in the 2016 action. See ECF #13, 16-cv-12547-LTS (Notice of Appearance).

By Electronic Orders dated June 8, 2017, Dike was ordered, among other things, to show cause (1) why the two 2017 actions should not be consolidated with his 2016 action; and (2) after consolidation dismiss the 2017 actions as duplicate, but without prejudice to Dike seeking leave to amend. See ECF #8, 17-cv-10509-LTS; ECF #5, 17-cv-10779-LTS.

Dike was granted until June 29, 2017 to file his show cause response. The Court's records indicate that Dike filed a show cause response in 17-cv-10509-LTS.[1] See ECF #12, 17-cv-10509-LTS. Dike's show cause response states, among other things, that his attorney filed a document in the 2016 action asking that 17-cv-10509-LTS not be consolidated with the 2016 action because "the actions raise new claims" and "most importantly, [Dike's) current attorney has heavy workload and do[es] not have the resources to take additional case." Id. For the same reasons, Dike states that 17-cv-10779-LTS should not be consolidated with the 2016 action. Id. Dike attached two exhibits to his show cause response: (1) a copy of the show cause response filed by his attorney in the 2016 action; and (2) a copy of the complaint filed in 17-cv-10509-LTS, including the civil cover and category sheets. Id.

II.     DISCUSSION

The Court reviewed Dike's three Title VII complaints and it is not clear whether the claims are sufficiently related for consolidation. Dike alleges exhaustion of his administrative remedies in his first two actions: Dike v. Shulkin, No. 16-cv-12547-LTS (filed Dec. 16, 2016) (Dike filed administrative actions with the EEOC in 2014 and 2015); Dike v. Shulkin, No. 17-cv-

---

[1] Dike did not file a show cause response in 17-cv-10779-LTS and the time to do so has expired. See Docket, 17-cv-10779-LTS.

10509-LTS (filed Mar. 24, 2017) (Dike filed an administrative action with the EEOC in 2016). The third complaint filed by Dike, Dike v. Shulkin, No. 17-cv-10779-LTS (filed May 2, 2017), alleges just one adverse employment action on April 24, 2015, and there is no allegation of the filing of an administrative claim. Additionally, the Court reviewed the show cause response that was filed in the 2016 case by Attorney Castel. See ECF #19, 16-cv-12547-LTS, Among other things, Castel avers that he was not aware of the 2017 *pro se* actions and that he is mindful of his professional responsibility to avoid any foreseeable prejudice to Dike's rights in the *pro se* actions. Id.

In light of the fact that counsel will not represent Dike in the 2017 cases, and despite the fact that Dike failed to file a reply in No. 17-cv-10779-LTS, the Clerk will direct the Clerk to issue summons for service of the *pro* se complaints that were filed in C.A. Nos. 17-cv-10509-LTS and 17-cv-10779-LTS. Dike shall ensure that in each action, the summons and complaint is served in accordance with Rule 4 of the Federal Rules of Civil Procedure. Because he has been permitted to proceed *in forma* pauperis, he may ask the United States Marshals Service to complete service in both actions. The Court may revisit the issue of consolidation at some future time.

IV. CONCLUSION

For the foregoing reasons, it is ORDERED that

1. The Clerk shall issue summons in C.A. Nos. 17-cv-10509-LTS and 17-cv-10779-LTS.

2. The plaintiff shall ensure that a summons and copy of each complaint is served on the defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. The plaintiff has 90 days from the date of this Order to effect service.

3. Because the plaintiff is proceeding *in forma pauperis*, he may ask the United States Marshals Service to complete service, with all costs to be advanced by the United States.

4. The Clerk shall send a courtesy copy of this Memorandum and Order to Attorney Castel.

5. Nothing in this Order prevents defendant from moving to consolidate the actions.

SO ORDERED.

    /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge