UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HILARY DIKE,
      Plaintiff,

V.                                          CIVIL ACTION NO.
                                            16-12547-LTS
                                            17-10509-LTS
                                            17-10779-LTS
ROBERT L. WILKIE,
Secretary of the United States
Department of Veterans Affairs,
      Defendant.[1]


**MEMORANDUM AND ORDER RE:**
**JOINT MOTION FOR A BRIEF WRITTEN RULING**

**October 29, 2018**

**BOWLER, U.S.M.J.**

At an October 22, 2018 hearing, this court allowed a joint motion for a written ruling on a September 5, 2018 oral ruling in open court that allowed a motion to enforce an oral settlement between the parties filed in the above, three cases. (Docket Entry # 64).[2] This opinion constitutes the written ruling.

## BACKGROUND

On June 28, 2018, this court mediated three lawsuits brought

---

[1] In accordance with Fed.R.Civ.P. 25(d), defendant Robert L. Wilkie ("defendant"), the current secretary of the United States Department of Veterans Affairs, is automatically substituted for David Shulkin, the former secretary of the department.

[2] Unless otherwise noted, all docket entries refer to filings in the first lawsuit, Civil Action No. 16-12547-LTS.

by plaintiff Hilary Dike ("plaintiff") against his former employer, the United States Department of Veterans Affairs, based on purportedly unlawful employment practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. Plaintiff worked as a pharmacy technician at "the VA Boston Healthcare Systems," which is part of the United States "Department of Veterans Affairs, the agency that employ[ed]" plaintiff during the relevant time period. (Docket Entry # 1, ¶¶ 3-4) (Docket Entry # 12, ¶¶ 3-4). Plaintiff's attorney,[3] plaintiff, defendant's attorney, and an agency counsel with settlement authority attended the mediation. At the end of the mediation, this court reported on the record without objection that the parties reached "a *global* resolution of *all* the pending matters, and it will be settled for a total of $25,000." (Docket Entry # 43, p. 3) (emphasis added).

Plaintiff presently asserts that the settlement covered only the three cases filed in the United States District Court for the District of Massachusetts, Civil Action Nos. 16-12547-LTS, 17-10509-LTS, and 17-10779-LTS ("the pending cases"). (Docket Entry # 57, pp. 4-5). He does not, however, request an evidentiary hearing. See Román-Oliveras v. Puerto Rico Elec. Power Auth.

---

[3] This court subsequently allowed plaintiff's attorney, who filed an appearance in the first lawsuit, Civil Action No. 16-12547-LTS, to withdraw on September 5, 2018. (Docket Entry ## 48, 55).

(PREPA), 797 F.3d 83, 86, 87 (1st Cir. 2015) (affirming settlement dismissal and twice noting that plaintiffs did not ask for evidentiary hearing to determine terms of oral settlement resulting from in-chambers conference with district judge). Defendant maintains that the settlement extends to all related and pending administrative proceedings before the Equal Employment Opportunity Commission ("EEOC") including an administrative appeal in the EEOC's Office of Federal Operations ("OFO")[4] ("the administrative proceedings"). Defendant lists the eight administrative proceedings in a draft of the memorialized settlement agreement that defendant's counsel emailed plaintiff's counsel on July 19, 2018. (Docket Entry # 47-4, p. 9).

A few months before the mediation, plaintiff's counsel proposed a settlement of the three pending cases as well as "All Pending EEOC Cases" and "All Pending ORM/EEO Cases." (Docket Entry # 47-2). The draft of the memorialized settlement includes two administrative proceedings identified in the settlement proposal, namely, 200H-0523-2017101558 and 200H-0523-2018101435.

On June 28, 2018, this court conducted the mediation for several hours. **Throughout the mediation, the parties discussed at various times the pending administrative proceedings. The parties and this court worked towards a global resolution of the**

---

[4] The OFO is "the appellate branch of the EEOC." Carver v. Holder, 606 F.3d 690, 692 (9th Cir. 2010).

3

**three pending cases and all pending administrative proceedings. Prior to this court's announcement of the settlement on the record, the parties represented that they reached the settlement and that it included the pending administrative proceedings.** When this court reported the "global resolution of all the pending matters" for $25,000, neither plaintiff nor his counsel objected. (Docket Entry # 43, p. 3). Rather, plaintiff and his counsel thanked this court and exited the courtroom. The parties also agreed to complete the "paperwork" in 60 days and this court advised them it would recommend that the district judge "issue a 60-day settlement order." (Docket Entry # 43, pp. 3-4). On June 29, 2018, the district judge issued a 60-day order dismissing the three cases "without prejudice to the right of any party, upon good cause shown, to reopen the action within 60 days if settlement is not consummated." (Docket Entry # 42) (Docket Entry # 28, Civil Action No. 17-10509-LTS) (Docket Entry # 22, Civil Action No. 17-10779-LTS).

After defendant's counsel emailed the draft of the memorialized settlement on July 19, 2018, plaintiff's counsel responded by email on July 23 and August 3, 2018 that plaintiff was reviewing the draft. (Docket Entry ## 47-5, 47-6). In an August 10, 2018 email, plaintiff's counsel informed defendant's counsel that plaintiff "came to a conclusion that the agreement should include only the 3 cases filed already in District Court."

4

(Docket Entry # 47-7). On August 15, 2018, within the 60-day time period, defendant filed the motion to enforce the settlement in all three cases. (Docket Entry # 46) (Docket Entry # 31, Civil Action No. 17-10509-LTS) (Docket Entry # 23, Civil Action No. 17-10779-LTS). On August 20, 2018, plaintiff's counsel filed a motion to withdraw. (Docket Entry # 48). Tellingly, counsel moved to withdraw because "it is professionally improper to oppose a motion to enforce [the] mediation settlement" and there is "a potential irretrievable breakdown in the attorney-client relationship." (Docket Entry # 48). After holding a hearing on the motion to enforce the settlement on September 5, 2018, this court allowed the motion for reasons stated on the record. Unfortunately, the tape for the proceeding did not record the complete hearing due to a technical malfunction.

On October 1, 2018, plaintiff filed a notice of appeal in Civil Action No. 16-12547-LTS and Civil Action No. 17-10509-LTS. (Docket Entry # 59) (Docket Entry # 34, Civil Action No. 17-10509-LTS). On October 22, 2018, this court heard argument on the parties' joint motion for a brief written ruling in light of the incomplete recording. This court allowed the motion filed in all three cases. (Docket Entry # 64) (Docket Entry # 39, Civil Action No. 17-10509-LTS) (Docket Entry # 27, Civil Action No. 17-10779-LTS).

## DISCUSSION

"The 60-day order" used in the three pending cases provides "a mechanism for the trial courts to bring cases to closure while retaining jurisdiction to enforce a settlement for a period of time after closure is announced." Pratt v. Philbrook, 109 F.3d 18, 21 n.5 (1st Cir. 1997) (discussing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994)). This court therefore had jurisdiction to adjudicate the motions to enforce the settlement, which defendant filed within the 60-day time period. Thereafter, plaintiff filed notices of appeal which "divest[] the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); United States v. George, 841 F.3d 55, 71 (1st Cir. 2016) (notice of appeal divests district court of "'authority to proceed with respect to any matter touching upon, or involved in, the appeal'"). District courts nevertheless retain "shared jurisdiction" to issue orders "'in aid of execution of a judgment that has been appealed'" as well as "orders relating to procedures 'in aid of the appeal.'" United States v. Brooks, 145 F.3d 446, 456 (1st Cir. 1998). The allowance of the joint motion for a written order and the issuance of this written opinion in light of the failure to transcribe the entire September 5, 2018 hearing falls within this shared jurisdiction. Finally, all three actions based on Title VII assert federal question jurisdiction. 28 U.S.C. § 1331.

"Where, as here, the underlying action is brought pursuant to a federal statute, whether there is an enforceable settlement is a question of federal, rather than state, law." Quint v. A.E. Staley Manufacturing Co., 246 F.3d 11, 14 (1st Cir. 2001).

Settlement agreements provide a preferred means to resolve disputes in lieu of costly and time consuming litigation. Fidelity and Guaranty Insurance Co. v. Star Equipment Corporation, 541 F.3d 1, 5 (1st Cir. 2008). Hence, they "enjoy great favor with the courts." Id. A "trial court may summarily enforce the agreement, provided that there is no genuinely disputed question of material fact regarding the existence or terms of that agreement." Id. In the absence of a dispute of material fact relating to the existence or material terms of the settlement, a trial court "may summarily enforce the agreement." Ridino v. Sovereign Bank, Civil Action No. 10-10700-MBB, 2011 WL 3421549, at *1 (D. Mass. Aug. 3, 2011); see Bandera v. City of Quincy, 344 F.3d 47, 52 (1st Cir. 2003) (noting that district court was correct in stating "'"trial court may not summarily enforce a settlement agreement"'" if material facts are in dispute as to the validity or terms of the agreement").

When a judge oversees settlement negotiations, the judge's "'personal knowledge through'" the "'settlement conference'" lends "particular weight" to the judge's finding that the parties "reached a binding oral settlement" recorded in a minute entry.

7

Román-Oliveras v. Puerto Rico Elec. Power Auth. (PREPA), 797 F.3d at 85-87 (applying federal law). Here too, this court oversaw and guided the settlement negotiations conducted in the courtroom. At the end of the proceeding, this court reported in open court that the parties reached "a global resolution of all the pending matters" for a total amount of $25,000. (Docket Entry # 43, p. 3). Like the parties in Román-Oliveras, "at the time" this court announced "the finding, the parties did not object." Id. at 87. Also like the plaintiffs in Román-Oliveras, plaintiff did not ask for an evidentiary hearing and proffers only a "bare assertion" that the settlement did not extend to the pending administrative matters. Id. at 87-88 (noting lack of request for hearing and, although "plaintiffs did contend that there was no settlement agreement for Judge Gelpí to enforce, that bare assertion does not suffice to show Judge Gelpí clearly erred in finding otherwise").

In sum, the undisputed evidence at the time the parties entered into the oral settlement on June 28, 2018 and immediately thereafter when the parties did not lodge an objection is that the parties reached a "*global* resolution of *all* the pending *matters*" for $25,000. (Docket Entry # 43, p. 3) (emphasis added). It was not until more than a month later that plaintiff's counsel communicated that plaintiff "came to a conclusion that" the settlement agreement "should include only

8

the 3 [pending] cases." (Docket Entry # 47-7). Plaintiff reiterated this bare assertion at the September 5, 2018 hearing. (Docket Entry # 57, pp. 3-4). In short, the terms of the June 28, 2018, agreed-upon settlement for $25,000 extended to the pending administrative proceedings (Docket Entry # 47-4, p. 9).

## CONCLUSION

For the above reasons, this court allowed the motions to enforce (Docket Entry # 46) (Docket Entry # 31, Civil Action No. 17-10509-LTS) (Docket Entry # 23, Civil Action No. 17-10779-LTS) in open court on September 5, 2018.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge